RAY IMPROVEMENT COMPANY, a Corporation, Respondent, v. CHARLES HURICH, Appellant.

(190 N. W. 310.)

**Justices of the peace — defendant estopped to appeal from judgment in forcible entry after justice has ordered stay pursuant to stipulation.**

Though a justice of the peace has no authority under § 9110 of the Compiled Laws of 1913 to order a limited stay of execution in a forcible entry and detainer action, where such stay is, nevertheless, ordered, in pursuance of a stipulation carrying out an agreement for a settlement of the controversy, the defendant who obtains the benefit of such stay is estopped to pursue his remedy by way of appeal from the judgment.

Opinion filed October 23, 1922.

Justices of the Peace, 35 C. J. § 413 p. 738 n. 81, 82.

Appeal from District Court, Stark County, *Pugh,* J.
Affirmed.

*Otto Thress,* for appellant.

*Crawford & Burnett,* for respondent.

A stipulation staying execution may properly be entered into and such stipulation is binding on the parties. Shark v. Allgood, 100 Ala. 183, 14 So. 16; Keys v. Worner, 45 Cal. 60, also 39 Cal. 527; Dick Co. v. Sherwood Letter File Co. 42 N. E. 440; Kleinschmidt v. Morse, 1 Mont. 100.

"A party cannot appeal after taking a stay of execution as herein provided." Comp. Laws 1913, § 9116.

BIRDZELL, Ch. J. This is an appeal from a judgment of the dis-

trict court of Stark county dismissing an appeal from the justice's court of such county. The action was originally brought in justice court in forcible entry and detainer to secure the possession of certain described property in the city of Dickinson, together with damages for detention. The case was tried on March 17th, 1922, and resulted in a judgment awarding to the plaintiff the possession of the property with damages for detention and costs, making a total money judgment of $73.75. March 22d, 1922, execution was issued on the judgment. The justice's docket recites that on the same date the attorney for the plaintiff appeared and notified the court of a stipulation between the parties and their attorneys for a stay of execution until April 8th, 1922. On the following day notice of appeal and undertakings on appeal were filed in the office of the clerk of the district court. The plaintiff later moved to dismiss the appeal and after hearing the motion the district court dismissed it. The judgment of dismissal recites that it was admitted by one of the defendant's attorneys in open court that an agreement had been reached for settlement of the case and oral stipulation had between the attorneys for the parties for a stay of execution until the 8th day of April, 1922. It further recites that there was a stay of execution in the action and that subsequently the defendant appealed from the judgment. From the judgment so entered dismissing the defendant's appeal this appeal is taken.

The appellant advances two propositions for decision: First,—Was the stay of execution ordered by the justice of the peace? Second,—If so, did the stay deprive the defendant of his right of appeal?

The judgment appealed from recites that the motion to dismiss was made upon the records and files in the action and the affidavit of the defendant's attorney, and, as above stated, that the attorney admitted in open court that an agreement had been reached for settlement of the case and oral stipulation had between the attorneys for the parties for a stay of execution until the 8th day of April, 1922. These recitals are not impeached by anything in the record presented to this court. We must, therefore, conclude that the stipulation referred to was in fact made, and that the recital in the justice's docket that stay of execution was granted amounts, at least, to a true memorandum of the stipulation between the parties. A party who has stipulated for a stay of execution

is precluded from denying the authority of the justice to grant the stay. One cannot complain of an act for which he is himself responsible.

We are of the opinion that the stay, in the circumstances recited in the judgment appealed from, did deprive the defendant of his right of appeal to the district court. The appellant argues, and we think correctly, that a justice of the peace has no authority to stay an execution other than as expressed in the statutes. Section 9110, Comp. Laws, 1913, vests authority for the granting of limited stays upon judgments for money only; but no authority is granted to stay execution upon a judgment in forcible entry and detainer, except where an appeal is taken, in which event execution may be stayed by complying with § 9167 of the Compiled Laws.

But the appellant further argues that since the justice had no power to grant a stay, the right of appeal was not lost by virtue of § 9114, which is to the effect that a party cannot appeal after taking a stay of execution *"as herein provided."* It may be true that the right of appeal is not lost by virtue of this particular section, but we are of the opinion that it is lost, nevertheless, through the inconsistent conduct of the defendant amounting to a waiver of the right of appeal and to an estoppel to pursue it. Under the recitals in the judgment it clearly appears that pursuant to the agreement for settlement which had been perfected there was an oral stipulation for a stay until the 8th day of April, and it further appears that the defendant has had the benefit of that stay. Having had the full benefit of that to which he was not entitled, namely, a stay of execution, and the plaintiff having in reliance upon the stipulation foregone the right to pursue his remedy under the judgment, the defendant is in no position to attack the judgment by appeal. The fact that the defendant, later, in attempting to appeal to the district court, filed a stay bond under § 9167 does not affect the matter for it involved a breach of the stipulation. Neither is the result affected by the circumstance that the stipulation of settlement was oral in view of the judicial admission of the defendant's attorney in open court.

It follows that the judgment of dismissal appealed from is correct and it is affirmed.

ROBINSON, CHRISTIANSON, BRONSON, and GRACE, JJ., concur.